### The STATE of Ohio

v.

### PERTEE.

Wadsworth Municipal Court, Ohio.

No. 95–TRD–2094.

Decided July 7, 1995.

*Norman E. Brague,* Wadsworth Director of Law, for plaintiff.

*John C. Oberholtzer,* for defendant.

---

JAMES L. KIMBLER, Judge.

Defendant, Michael Pertee II, has filed a motion to dismiss. The state alleges that defendant drove while under a drug-paraphernalia suspension. Driving under such a suspension violates R.C. 4507.02(D)(1).

Defendant contends that there is no rational relationship between possession of drug paraphernalia and operating a motor vehicle. Consequently, he argues that such a suspension is an unconstitutional exercise of the state's police power. He cites *State v. Gowdy* (1994), 64 Ohio Misc.2d 38, 639 N.E.2d 878, and unreported decisions from the Medina Municipal Court and the Medina County

Court of Common Pleas. These decisions are entitled to respect, but are not binding on this court. For the reasons set forth below, this court disagrees with the conclusions reached in those cases.

Defendant argues that his suspension deprived him of due process of law in violation of the Fourteenth Amendment to the United States Constitution. Defendant's motion is that the General Assembly cannot, in the exercise of its police power, suspend a driver's license for a crime that does not involve the operation of a motor vehicle.

An act of the General Assembly is entitled to a strong presumption of constitutionality. *State v. Anderson* (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224; *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 38 O.O.2d 404, 224 N.E.2d 906. Any exercise of the state's police power will be valid if it bears a real and substantial relationship to the public health, safety, morals, or general welfare and cannot be said to be unreasonable and arbitrary. *Benjamin v. Columbus* (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854. Under the doctrine of separation of powers, the determination of whether an exercise of police power bears such a relationship is initially to be determined by the General Assembly. *DeMoise v. Dowell* (1984), 10 Ohio St.3d 92, 10 OBR 421, 461 N.E.2d 1286. The courts in Ohio will not invalidate an exercise of the police power unless it can be said that the General Assembly's determination is clearly erroneous. *DeMoise* at 97, 10 OBR at 425, 461 N.E.2d at 1291. The party alleging that such determination is unconstitutional bears the burden of proving this assertion beyond a reasonable doubt. *Anderson* at 171, 566 N.E.2d at 1226–1227.

The definition of "reasonable doubt" is as follows:

"Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." R.C. 2901.05(D).

Applying the above definition to drug-offense suspensions, the court finds that defendant has not shown beyond a reasonable doubt that such suspensions have no relationship to the public safety. License suspensions both deter and punish. The General Assembly apparently believes such suspensions will punish drug offenders and deter drug use, thereby protecting the public's health and safety. That determination, while perhaps debatable, cannot be said to be clearly erroneous.

Acceptance of defendant's argument would mean that Ohio courts would be taking on the power to review every criminal penalty and its relationship to a

particular crime. Such analysis could lead to Ohio judges substituting their judgment for that of the General Assembly. It is to guard against such an invasion of the legislative branch's power that the Ohio Supreme Court set forth the principles of law cited above.

For the above reasons then, the motion to dismiss is denied. The case shall be set for trial.

*So ordered.*